# ATTACHMENT 1

FILED/REC'D

' 2026 JUN - 1  A 11: 55

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

# COMPLAINT FORM

### (for non-prisoner filers without lawyers)

## IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF __Wisconsin__

(Full name of plaintiff(s))

Jeffrey Jerome HAZUGA

vs

(Full name of defendant(s))

See attached Complaint

Case Number:

__26-cv-506-wmc__

(to be supplied by clerk of court)

## A.    PARTIES

1.    Plaintiff is a citizen of __Wisconsin__ and resides at
(State)

__N6894  690th St.  Menomonie, WI 54751__
(Address)

(If more than one plaintiff is filing, use another piece of paper).

Attachment One (Complaint) – 1

2.   Defendant _____

(Name)

is (if a person or private corporation) a citizen of _____

(State, if known)

and (if a person) resides at _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.   STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.   Who violated your rights;
2.   What each defendant did;
3.   When they did it;
4.   Where it happened; and
5.   Why they did it, if you know.

See attached Complaint

_____

_____

_____

_____

_____

_____

_____

_____

Attachment One (Complaint) – 2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

JEFFREY JEROME HAZUGA,

Plaintiff,

v.

OFFICER CHARLIE WELBOURN;
OFFICER SAM WELBOURN;
OFFICER LUKE RADKE;
OFFICER KYLE KNEPPLER;
OFFICER BOB LARSON;
OFFICER ANDY WEDELL;
OFFICER KATE SPEIDEL;
CHIEF GEOFF WILLEMS;
SERGEANT BRENT ELLWANGER;
BROOKE NICOLE BAUMAN;
BRIT HARMON d/b/a COMPANION ANIMAL CONTROL;
CITY OF HUDSON, WISCONSIN; and

JOHN DOES 1–10,

Defendants.

Case No. _____

COMPLAINT AND JURY DEMAND

I. INTRODUCTION

1. This is a civil-rights action arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.
2. On July 3, 2021, officers of the Hudson Police Department forcibly entered Plaintiff Jeffrey Hazuga's enclosed residential houseboat dwelling without a warrant and without lawful exigent circumstances, deployed OC spray, broke the glass entry door to the living quarters, and arrested Plaintiff.
3. During and immediately after the arrest, Defendants directed or participated in the seizure and impoundment of Plaintiff's daughter's three pet goats from nearby property without meaningful notice, process, or reasonable opportunity for recovery.
4. Plaintiff brings this action to recover damages resulting from the unlawful entry, excessive force, unconstitutional seizure of property, and related constitutional violations.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.
6. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in St. Croix County, Wisconsin.

## III. PARTIES

7. Plaintiff Jeffrey Jerome Hazuga is an adult resident of Dunn County, Wisconsin.
8. Defendant Officer Charlie Welbourn was, at all relevant times, a law-enforcement officer employed by the Hudson Police Department and acted under color of state law.
9. Defendant Officer Sam Welbourn was, at all relevant times, a law-enforcement officer employed by the Hudson Police Department and acted under color of state law.
10. Defendant Officer Luke Radke was, at all relevant times, a law-enforcement officer employed by the Hudson Police Department and acted under color of state law.
11. Defendant Officer Kyle Knepler was, at all relevant times, a law-enforcement officer employed by the Hudson Police Department and acted under color of state law.
12. Defendant Officer Andy Wedell was, at all relevant times, a law-enforcement officer employed by the Hudson Police Department and acted under color of state law.
13. Defendant Officer Kate Speidel was, at all relevant times, a law-enforcement officer employed by the Hudson Police Department and acted under color of state law.
14. Defendant Chief Geoff Willems was, at all relevant times, Chief of Police for the Hudson Police Department and responsible for supervision, training, and policy implementation.
15. Defendant Sergeant Brent Ellwanger was, at all relevant times, a supervisory officer employed by the Hudson Police Department and acted under color of state law.
16. Defendant Brooke Nicole Bauman is a private individual who acted jointly and in concert with Hudson Police officers during the events described herein.
17. Defendant Brit Harmon, doing business as Companion Animal Control, acted jointly and in concert with Hudson Police officers during the seizure and impoundment of Plaintiff's property.
18. Defendant City of Hudson is a municipal corporation organized under the laws of Wisconsin and is responsible for the customs, policies, supervision, and training of the Hudson Police Department.
19. John Does 1–10 are officers or agents presently unknown who participated in the conduct alleged herein.

## IV. FACTUAL ALLEGATIONS

### Plaintiff's Residential Houseboat Dwelling

20. In July 2021, Plaintiff resided aboard a 1965 Whitcraft steel houseboat bearing Wisconsin registration WS 2809HW.
21. The houseboat functioned as Plaintiff's residence and dwelling place.
22. The vessel contained enclosed living quarters, sleeping areas, a galley/kitchen area, electrical systems, water systems, and other residential features associated with long-term habitation.
23. Plaintiff regularly slept and lived aboard the vessel.

### July 3, 2021 Incident

24. Defendants Charlie Welbourn, Sam Welbourn, Luke Radke, Andy Wedell, Kyle Knepler, and Kate Speidel were present during the encounter and subsequent entry into the dwelling.
25. Upon arrival, officers surrounded the houseboat and initiated contact with Plaintiff.
26. The officers did not possess a judicial warrant authorizing entry into the enclosed living quarters of the dwelling.
27. Plaintiff did not consent to entry into the residence.
28. Despite the absence of a warrant, officer Andy Wedell deployed OC spray into Plaintiff's face. Officers Charlie and Samuel Welbourn forcibly broke the glass entry door to gain access to the dwelling.
29. Officers then entered the residential living quarters and physically seized Plaintiff.
30. At the time force was used, officers had surrounded the houseboat and initiated contact. Plaintiff was not advancing toward officers and was not fleeing. St. Croix County officers positioned a boat behind Plaintiff's houseboat, blinding Plaintiff with lights and pointing a rifle at him while ordering him to "show his hands." Plaintiff was in fear for his life.
31. Plaintiff alleges that no objectively reasonable emergency existed requiring immediate warrantless entry into the dwelling. At all relevant times, Hudson Police Department Policy 300 (Use of Force) required officers to "use only that amount of force that reasonably appears necessary given the facts and circumstances perceived by the officer at the time" and to consider factors including the immediacy and severity of any threat, whether the subject was resisting or fleeing, and the availability of de-escalation options (Policy 300.3 & 300.3.2). Plaintiff posed no imminent threat, was not advancing toward officers, was not fleeing, and was inside his enclosed residential dwelling when OC spray was deployed into his face.
32. The area entered by officers was repeatedly described during the criminal proceedings as living quarters or residential boat quarters.
33. Plaintiff was arrested and criminal charges were subsequently filed in St. Croix County Case No. 2021CF590.

**Seizure of Plaintiff's Property**

34. After Plaintiff had been taken into custody, Hudson Police officers directed or authorized the seizure and impoundment of three pet goats belonging to Plaintiff's minor daughter from Beer Can Island, where the goats were under Plaintiff's care and not at large or strays. Officer Luke Radke later testified under oath, "It was our decision that they needed to be removed from the island." Defendants Officers Bob Larson, Knepler, and Luke Radke were the officers who seized the goats and turned them over to animal control.

35. Defendant Harmon, acting in coordination with Hudson Police personnel, impounded the animals. No one had called animal control; the goats were seized solely because Plaintiff had been arrested.

36. Plaintiff alleges that no reasonable opportunity was provided for family members or other available adults to assume custody of the animals before impoundment occurred, even though the goats were being cared for by Plaintiff's friends on Can Island at the time.

37. Plaintiff attempted to recover the animals immediately after his release from custody. Plaintiff was explicitly told by officers that he would be booked and released within approximately one hour and could then retrieve his goats, boat, and personal belongings.

38. Plaintiff was informed that substantial fees would be required before the animals could be released. Immediately upon release, Plaintiff contacted Defendant Harmon and offered $600 to reclaim the goats, but she demanded $1,600 in fees (including holiday surcharges) and refused to release them.

39. The goats were ultimately not returned and were later re-homed. Defendant Kate Speidel allegedly stated that because Plaintiff had $6,000 cash on him, "he can afford it." The City of Hudson ultimately paid Defendant Harmon $694.20 for the seizure and impoundment.

40. Plaintiff alleges that the seizure and permanent deprivation of the property occurred without meaningful procedural safeguards or adequate opportunity to contest the deprivation.

**Prior Knowledge of Bauman**

41. One month earlier, on June 8, 2021, Plaintiff reported to the St. Croix County Sheriff's Office that Bauman was trespassing on his houseboat.

42. That report was forwarded to the Hudson Police Department.

43. Bauman also had prior law-enforcement contact with Sam Welbourn, Charlie Welbourn, and Brent Ellwanger and John Does during a May 23, 2021 incident.

**Criminal Proceedings**

44. The plaintiff was prosecuted in St. Croix County Case No. 2021CF590.
45. Following post-conviction proceedings, the judgment was vacated on December 5, 2025, and the criminal case was restored to open status. Judge Scott Needham stated, "The Court found there was a violation of Mr. Hazuga's Constitutional Rights."

## V. CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. § 1983 – Fourth Amendment Unlawful Entry and Search

(Against Charlie Welbourn, Sam Welbourn, Luke Radke, Andy Wedell, Kate Speidel, and John Does 1–10)

46. Plaintiff realleges and incorporates by reference Paragraphs 1–45.
47. Plaintiff's houseboat dwelling constituted a constitutionally protected residence under the Fourth Amendment.
48. Defendants entered the enclosed residential living quarters without a warrant, consent, or lawful exigent circumstances.
49. The warrantless entry violated Plaintiff's rights under the Fourth Amendment.
50. As a direct and proximate result, Plaintiff suffered damages.

### COUNT II
### 42 U.S.C. § 1983 – Fourth Amendment Excessive Force

(Against Charlie Welbourn, Sam Welbourn, Luke Radke, Andy Wedell, Kate Speidel, and John Does 1–10)

51. Plaintiff realleges and incorporates by reference Paragraphs 1–50.
52. Defendants used force against Plaintiff, including deployment of OC spray and forced physical entry into the dwelling.
53. Plaintiff alleges the force used was objectively unreasonable under the circumstances. The force used violated Hudson Police Department Policy 300, which limits officers to force that "reasonably appears necessary" under the totality of the circumstances and requires consideration of de-escalation and the absence of any imminent threat. Defendants' deployment of OC spray and forced physical entry into Plaintiff's dwelling was therefore both constitutionally unreasonable and contrary to the Department's own written policy.
54. As a direct and proximate result, Plaintiff suffered physical injury, emotional distress, and damages.

## COUNT III
## 42 U.S.C. § 1983 – Fourth Amendment Unreasonable Seizure of Property

(Against Kate Speidel, Brit Harmon d/b/a Companion Animal Control, and John Does 1–5)

55. Plaintiff realleges and incorporates by reference Paragraphs 1–54.
56. Defendants seized and impounded Plaintiff's property without constitutionally adequate justification or process.
57. The seizure and continued deprivation of the property were unreasonable under the Fourth Amendment.
58. Plaintiff suffered permanent loss of property and related damages.

## COUNT IV
## 42 U.S.C. § 1983 – Fourteenth Amendment Procedural Due Process

(Against Kate Speidel, Brit Harmon d/b/a Companion Animal Control, City of Hudson, and John Does 1–5)

59. Plaintiff realleges and incorporates by reference Paragraphs 1–58.
60. Plaintiff possessed protected property interests in the seized animals.
61. Defendants deprived Plaintiff of those property interests without constitutionally adequate notice or meaningful opportunity to be heard.
62. Plaintiff suffered damages as a direct and proximate result.

## COUNT V
## Municipal Liability Under 42 U.S.C. § 1983

(Against City of Hudson)

63. Plaintiff realleges and incorporates by reference Paragraphs 1–62. The constitutional violations described herein were caused, in whole or in part, by the City of Hudson's failures in supervision, training, discipline, and policy implementation within the Hudson Police Department.
64. The City of Hudson acted with deliberate indifference toward the constitutional rights of citizens with whom officers came into contact. Specifically, the City failed to adequately train and supervise its officers on the proper application of Hudson Police Department Policy 300 (Use of Force), including the requirement that force be used only when reasonably necessary, that de-escalation be employed when feasible, and that OC spray and physical force not be deployed inside a residence absent an imminent threat. These deficiencies were known to policymakers, including Defendant Chief Willems, and amounted to deliberate indifference to the constitutional rights of citizens.
65. Said failures were a moving force behind the constitutional injuries suffered by Plaintiff.
66. The City of Hudson had a policy, custom, or practice of seizing pets during arrests without providing constitutionally adequate process or opportunity for owners or family members to reclaim them, and of routing such seizures to private contractors such as Companion Animal Control without adequate safeguards. This custom is evidenced by

the City's coordination with Defendant Harmon in this case, its payment to her despite Plaintiff's immediate offer to reclaim the animals, and the absence of any meaningful procedural protections for citizens whose pets are seized incident to arrest.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against the individual Defendants;
C. Costs and attorney's fees pursuant to 42 U.S.C. § 1988;
D. Declaratory relief as permitted by law;

E. Such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED this 26th day of May, 2026.

Respectfully submitted,

Jeffrey Jerome Hazuga, Pro Se
N6894 690th Street
Menomonie, Wisconsin 54751
715-309-3614

Hazuga90@gmail.com

C.    JURISDICTION

☒    I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐    I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.    RELIEF WANTED

Describe what you want the court to do if you win your lawsuit.  Examples may include an award of money or an order telling defendants to do something or stop doing something.

Plaintiff Seeks: Compensatory Damages to be determined at trial.

Punitive damages against the individual defendants

Equitable relief, including the return of Property.

Declaratory and Injunctive relief as deemed by the Court.

Costs and attorney's fees Pursuant to 42 U.S.C. 1988

Such other and further relief as the Court deems Proper.

E.    JURY DEMAND

☒    Jury Demand - I want a jury to hear my case
               OR
☐    Court Trial – I want a judge to hear my case

Dated this _26th_ day of _May_                    20_26_.

Respectfully Submitted,

_____
Signature of Plaintiff

_715-309-3614_
Plaintiff's Telephone Number

_Hazuya90@gmil.Com_
Plaintiff's Email Address

_N6894  690th St_

_Menommie, WI  54751_
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒    I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.